IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN R. GRAY,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF HAYWARD POLICE DEPARTMENT, et al.,<br><br>    Defendants.<br>_____ | No. C 05-0855 MMC (PR)<br><br>**ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR, ALTERNATIVELY, NOTICE THAT SUCH MOTION IS NOT WARRANTED** |

Plaintiff, a California prisoner proceeding pro se, filed the above-titled civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges that officers of the Hayward Police Department used excessive force during the course of his arrest. He seeks money damages.

By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the

1  Constitution or laws of the United States was violated, and (2) that the alleged violation was

2  committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48

3  (1988).

4  **B.    Legal Claims**

5        The use of excessive force by law enforcement officers in effectuating an arrest states a

6  valid claim under 42 U.S.C. § 1983. See Rutherford v. City of Berkeley, 780 F.2d 1444, 1447

7  (9th Cir. 1986). Excessive force claims that arise in the context of an arrest or investigatory

8  stop of a free citizen are analyzed under the Fourth Amendment reasonableness standard. See

9  Graham v. Connor, 490 U.S. 386, 394-95 (1989). The reasonableness inquiry in excessive

10 force cases is an objective one, the question being whether the officers' actions are objectively

11 reasonable in light of the facts and circumstances confronting them, without regard to their

12 underlying intent or motivation, and without the "20/20 vision of hindsight." See id. at 396-97.

13

14       Here, plaintiff alleges the following sequence of events:

15       On April 28, 2004, he stepped outside his house and heard "get down, shoot him, theirs

16 [sic] a color[ed] guy a nigger around the building." He then saw two men approach him with

17 rifles, wearing cargo pants and black shirts. Because they did not tell him they were police

18 officers, he ran up a flight of stairs. When he saw a man pointing a rifle at him, he said, "I

19 surrender please don't kill me." He put his hands up and jumped off the patio and fell to the

20 ground. He then was tackled by defendant Officer J. Cristofani ("Cristofani") and defendant

21 Officer D. Dorn ("Dorn"), and immediately handcuffed. While plaintiff remained handcuffed,

22 Cristofani and Dorn "beat him," after which beating Officer Carpenter approached and kicked

23 plaintiff in the back. The three officers then dragged plaintiff to the stairs, at which point

24 defendant Officer E. Hutchinson ("Hutchinson") and defendant Officer B. Matthews

25 ("Matthews") approached. Hutchinson punched plaintiff in the face, hit plaintiff in the back,

26 face and arms with his baton and pepper-sprayed plaintiff. Matthews then hit plaintiff in the

27 face and on the top of the head with his rifle, and told plaintiff he would shoot him. Hutchinson

28 next told Officer Divinagavica to release a police dog to bite plaintiff, and the dog bit him on

**United States District Court**
For the Northern District of California

the legs and wrist. While plaintiff was bleeding profusely from his head and face, defendant Officer Olsen slapped plaintiff, told him to "shut up," and ordered another officer to put a cloak over plaintiff's head. Thereafter, plaintiff was taken to the hospital. At all times during the beating, plaintiff remained handcuffed.

Liberally construed, the above allegations state a cognizable claim for relief under § 1983 against each of the defendants for the use of excessive force.

## CONCLUSION

For the foregoing reasons,

1. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter, all attachments thereto, and a copy of this order upon the **City of Hayward Police Department,** and upon **Officer B. Matthews, Officer J. Cristofani, Officer D. Olsen, Officer D. Dorn,** and **Officer E. Hutchinson**[1] at the **City of Hayward Police Department** in **Hayward, California.** The Clerk shall also serve a copy of this order on plaintiff and the **City Attorney of the City of Hayward**.

3. In order to expedite the resolution of this case, the Court orders as follows:

a. No later than **sixty (60) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, including all incident reports, arrest records, and medical records relating to the allegations in the complaint.

**Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due**.

All papers filed with the Court shall be promptly served on the plaintiff.

---

[1] Plaintiff also includes as a defendant an unnamed "K-9 officer." Service is not ordered on this officer because plaintiff states his name is "unknown."

3

    b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **thirty (30) days** from the date defendants' motion is filed.  The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

    c. Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

    d. The motion shall be deemed submitted as of the date the reply brief is

due.  No hearing will be held on the motion unless the Court so orders at a later date.

4. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

6. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Extensions of time are not favored, though reasonable extensions will be granted.  However, the party making the motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time.  The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is received.  Any motion for an extension of time must be filed no later than the deadline sought to be extended.

IT IS SO ORDERED.

DATED: November 3, 2005

_____
MAXINE M. CHESNEY
United States District Judge